ELLIS, Judge.
In this suit, plaintiff seeks to expropriate from defendants a 30-foot servitude for the construction of a 24-inch gas pipeline, together with a temporary construction servitude on either side thereof. The only issue presented in the trial court was the amount of the award to be made. After trial on the merits, judgment was rendered fixing the compensation at $19,897.00 and defendants have appealed, asking for an increase. Plaintiff has answered the appeal, asking that the award be reduced by the amount of $9,750.00, the severance damages awarded by the court.
Defendants are the owners of a tract of land, containing approximately 75 acres, measuring four and one-half arpents front by a depth of 20 arpents. The property runs northeast and southwest and fronts on Bayou Black and a parish road. It is of varying topographic character, suitable for residential purposes for about 200 feet back from the road, with a strip of low woodland behind that, and a higher ridge suitable for agricultural purposes to its rear. The property is traversed by a drainage canal to the rear of the ridge, and the remainder is characterized as low woodland or swamp.
The permanent servitude sought is 30 feet in width and runs parallel with the side lines of the tract for about 3,220 feet, at which point it turns approximately north for about 800 feet where it exists on the northerly side line. The servitude contains 2.779 acres.
*1333 The temporary construction servitude lies mainly on the northwesterly side of the permanent servitude, and contains a total of 4.635 acres. There are no significant improvements on the property.
As is usual in cases of this nature, two experts testified for each side, and their testimony was predictably diverse. One of the plaintiff’s witnesses, Allen J. Angers, valued the permanent servitude at $5,094.00, the temporary servitude at $185.00, and gave $2,000.00 in severance damages because of the loss of a large oak tree near the road. He did not think that the presence of the pipeline would diminish the value of the remainder. His total award was $7,001.00.
Plaintiffs other witness, Kenneth A. Bar-rilleaux, evaluated the permanent servitude at $5,043.00. For the temporary servitude, and severance damages to the property included therein, he awarded $5,758.00, for a total award of $10,801.00.
Defendants’ first witness, John W. Du-gan, evaluated the property as a whole, before the taking, at $3,500.00 per acre, with a total value of $261,000.00. He evaluated the permanent servitude at $3,500.00 per acre for the 2.779 acres, or $9,727.00. The value of the remainder, before the taking was, therefore, $251,273.00. He estimated a 15 per cent overall reduction in the value of the property as a result of the location of the pipeline, and found a value for the remainder, after the taking, of $2,985.00 per acre, or a total of $214,400.00. He calculated that severance damages to the remainder were $36,873.00. He awarded $1,623.00 for the temporary servitude for a total award of $48,223.00.
Defendants’ other witness, Preston J. Ba-bineaux, also valued the tract as a whole at $3,500.00 per acre, and reached the same value for the permanent servitude as did Mr. Dugan. He calculated severance damages of 30 per cent to a 200-foot strip of land lying on either side of the permanent servitude, for a total damage of $37,757.00. He valued the temporary servitude at $1,622.00, for a total award of $49,105.00. However, he reduced the award by $1,200.00 because of the presence of an electric power line right-of-way which crosses the servitude taken herein, making a total award of $47,905.00.
The differences in the testimony of the experts are due to the use of different comparable sales, different adjustments in the values thereof, and a difference of opinion as to the effect of a gas pipeline on property adjacent thereto.
The trial judge concluded that the permanent servitude was worth $6947.00, which works out to $2,500.00 per acre. He gave $1,200.00 for the temporary servitude, $2,000.00 for the loss of the oak tree, and $9,750.00 in other severance damages, which is an approximate 15 per cent loss in value to 150 feet on either side of the permanent servitude. Although the judge did not adopt the testimony of any of the experts, there is ample evidence in the record to support the result reached, and there is certainly no manifest error therein.
Defendants also complain that the expert witness fee of Preston J. Babineaux was fixed at $500.00, less than half of the amounts awarded to the other appraisers. Expert witness fees are not determined by what a landowner has agreed to pay the witness. The fee should be reasonable, in line with what courts have awarded in similar cases, and based on the relative usefulness of his testimony. State, Department of Highways v. Manning, 322 So.2d 362 (La.App. 2nd Cir. 1975); State, Department of Highways v. Gordy, 322 So.2d 418 (La. App. 3rd Cir. 1975). The record shows that Mr. Babineaux was furnished with comparable sales by the attorney for the defendants, and that he was not as familiar therewith as were the other experts. Much of his preparation time was spent in consultation with the attorneys, which is not com-pensable. State, Department of Highways v. Manning, supra. Considering the foregoing, we cannot say there is manifest error in the ruling of the trial judge.
*1334 Defendants also argue that the trial judge erred in ordering each side to pay its own costs. They point out that no tender of the true value of the land taken was made prior to suit, as required by R.S. 19:12 and Article 2638 of the Civil Code, and that the expropriating authority is thereby obligated to pay the costs. This contention is correct, and the judgment will be amended accordingly. See State v. Barineau, 225 La. 341, 72 So.2d 869 (1954); Collins Pipeline Company v. New Orleans East, Inc., 250 So.2d 29 (La.App. 4th Cir. 1971).
Defendants’ final specification of error relates to the failure of the judgment below to contain certain restrictions on the use of the servitude which are set forth in plaintiff’s petition. Defendants are entitled to have the servitude taken described fully in the judgment, and it will be amended to that extent.
The judgment appealed from is therefore amended to include the following limitation on the use and occupancy of the permanent servitude:
“a. Whenever it becomes necessary for plaintiff, or its agent or contractor, to cross a fence, at all times a proper enclosure will be maintained and said fence will be restored as promptly as possible to as good a condition and as it was prior to the crossing.
“b. The ditch in which the pipeline is laid and all ruts and depressions caused by construction operations shall be leveled within a reasonable time after completion of the laying of such line.
“c. Plaintiff shall remove all stakes or posts, which may have been put into the ground and generally restore the surface of the land to as nearly its original condition as may be practical.
“d. Plaintiff shall have the right to place only one pipeline under the right-of-way and easement.
“e. The right of ingress and egress here-inabove referred to and sought herein shall be confined to the right-of-way and easement above described and existing public roads on the above described lands of defendant,
“f. Defendant shall have the right to place along, across and over said right-of-way and easement as many roads, streets, sidewalks, passageways, electric light and power lines, water lines, sewer lines, gas lines, telephone poles and telephone lines, and any and all other utilities as said defendant may desire, provided, however, that if the same are placed along, as distinguished from across said easement, they shall not be placed over the pipelines of plaintiff,
“g. After the completion of the construction clean-up and restoration operations, plaintiff shall have no further rights to the temporary working space described above and its rights shall be limited solely to the permanent right-of-way also described above.
As amended, the judgment appealed from is affirmed, with all costs in this court and the court below to be paid by plaintiff.
AMENDED AND AFFIRMED.