404 So.2d 316 (1981)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION & DEVELOPMENT
v.
The ESTATE OF Guerry Ward AERTKER, Defendant-Appellee.
No. 8146.
Court of Appeal of Louisiana, Third Circuit.
September 14, 1981.
*317 Bryan Miller and Edward A. Michel, Baton Rouge, for plaintiff-appellant.
William P. Polk, Alexandria, for defendant-appellee.
Before DOMENGEAUX, CUTRER and DOUCET, JJ.
DOUCET, Judge.
This is an expropriation suit instituted by the State of Louisiana, through the Department of Transportation & Development (Department), against Samuel R. Aertker under the provisions of LSA-R.S. 48:441, et seq.[1] The Department deposited $65,202.00 for the takings. The trial judge awarded $79,515.00 for the land taken, plus $39,780.00 in severance damages, $1,400.00 in fees for defendant's expert and $13,500.00 as attorney's fees. The Department appeals, seeking a reduction in the award.
Prior to the takings, defendant's property consisted of two rectangular shaped tracts situated in the Tioga community in Ward 10 of Rapides Parish. Both tracts were unimproved and landlocked. One of them, which was designated as Parcel 6-3 by the Department, contained 40.578 acres. The other, which was designated as Parcel 6-6, contained 25.20 acres.
The taking runs diagonally across both tracts, creating four unbalanced remainders. 19.121 acres were taken from Parcel 6-3, leaving a 3.887 acre remainder, which will front on a service road to be constructed by the Department as part of the project giving rise to this suit. The other 17.57 acre remainder in that tract will be landlocked. 12.685 acres were taken from Parcel 6-6, leaving a 3.566 acre remainder which will front on the aforementioned service road and an 8.95 acre remainder that will be landlocked.
Through its specifications of error, the Department has raised the following issues for our consideration:
(1) Whether the trial court erred in awarding $79,515.00 for the takings;
(2) Whether defendant is entitled to severance damages;
(3) Whether the trial court erred in fixing the fee of defendant's expert at $1,400.00; and
(4) Whether defendant is entitled to attorney's fees, and if so, whether the award of $13,500.00 is reasonable.

VALUE OF THE TAKINGS
At the trial, the parties presented substantially different evidence regarding the value of the land that was taken. The Department's experts, Mr. Gene Cope and Mr. James C. McNew, were of the opinion that the highest and best use of the property was for raising timber. They also found that it had some potential for commercial and residential subdivision development. However, they felt that subdivision development *318 was not feasible at the time of the taking because the market was saturated and the property was landlocked. Based on comparable sales of timberland in that area, they concluded that the value of the property prior to the taking was $1,000.00 per acre.
Defendant's expert, Mr. Hab Monsur, disagreed with those conclusions. He found that despite the access problem and lack of utilities, the highest and best use of the property was for subdivision development. He noted that Parcel 6-6 was only a little more than one hundred feet from an existing paved road in a subdivision adjacent to that tract. After interviewing neighboring landowners, he concluded that obtaining a right-of-way to Parcel 6-6 and a right-of-way from that tract to Parcel 6-3, which was about three hundred feet away, would not have been a serious problem prior to the taking. Based on comparable sales of property suitable for subdivision development, he concluded that prior to the taking the land was valued at $2,500.00 per acre.
The trial judge found Mr. Monsur's appraisal to be the most realistic and accepted $2,500.00 per acre as the value of the property taken. He therefore awarded $79,515.00 for the 31.806 acres that were taken. The Department contends that the trial judge erred in relying on Mr. Monsur's testimony rather than on the testimony of its experts. We disagree.
The weight that the trier of fact accords to expert opinion testimony governs the effect that is given to such testimony. This weight is determined by the expert's professional qualifications and experience, the facts and studies upon which his opinion is based, and in the case of land appraisals, his familiarity with the locality. State, Department of Highways v. McPherson, 261 La. 116, 259 So.2d 33 (1972); State, Department of Transportation & Development v. Van Willett, 386 So.2d 1023 (La.App. 3rd Cir. 1980).
It is well settled that in the trial of an expropriation suit in which the experts disagree as to the value of the land taken, the trial court is granted much discretion in evaluating and determining the weight to be given to the testimony of each expert witness. The trial court's findings of fact will not be disturbed on appeal unless they are clearly erroneous. State, Department of Transportation & Development v. Van Willett, supra; Greater Baton Rouge Airport District v. Carrick, 258 So.2d 640 (La. App. 1st Cir. 1972).
After reviewing the testimony of the experts, we find no abuse of discretion in the trial court's conclusion that Mr. Monsur's testimony was entitled to greater weight than the testimony of the Department's experts. Of the three experts, Mr. Monsur was clearly the most familiar with the area of the takings. He had had 25 years of experience as a realtor, builder and developer in Central Louisiana. During that time, he developed fifteen commercial and residential subdivisions. His testimony reflects an in-depth knowledge of the growth trends, market patterns and cost factors that affect the development of property in that area. In light of that testimony, we cannot say that the trial judge was clearly wrong in assigning the value that he did to the property that was taken.

SEVERANCE DAMAGES
The trial judge also relied on Mr. Monsur's testimony in awarding severance damages. Mr. Monsur was of the opinion that the two smaller remainders had suffered no diminution in value because their frontage on the service road made them suitable for rural homesites. He found, however, that the two larger remainders had suffered a 60% diminution in value as a result of the takings. He concluded that after the takings their highest and best use was for growing timber, because their reduced size, altered shape and increased distance from existing public roads (approximately one-fourth of a mile for both remainders) precluded subdivision development.
Utilizing Mr. Monsur's estimate of a 60% depreciation, the trial judge found that as a result of the takings the value of the larger remainders was reduced from $2,500.00 per acre to $1,000.00 per acre. He therefore awarded $39,780.00 as severance damages for the 26.52 acres in those remainders.
*319 The Department concedes that the property was suitable only for growing timber after the takings and that as such it was worth $1,000.00 per acre. Its only complaint is with the finding that the highest and best use of the property was changed. For the reasons assigned earlier, we cannot say that the trial judge was clearly wrong in finding that the highest and best use of the property was for subdivision development prior to the takings. Accordingly, we find no error in his award of severance damages.

EXPERT WITNESS FEES
In awarding $1,400.00 in fees for defendant's expert, the trial court allowed recovery for the following amounts which Mr. Monsur charged defendant: $1,000.00 for his appraisal; $200.00 for a pre-trial conference with defendant's attorney; and $200.00 for his court appearance. The Department contends that the trial court erred in awarding $1,000.00 for the appraisal and in awarding any amount for the pre-trial conference.
The Department correctly argues that the agreement between a landowner and his expert witness concerning the expert's fee is not the criterion to be used by the trial court in fixing such fees. State, Department of Transportation & Development v. Gagnard, 391 So.2d 91 (La.App. 3rd Cir. 1980), writ denied 396 So.2d 928 (La. 1981). In this case, however, we find no abuse of discretion in the trial court's allowance of $1,000.00 for the preparatory work done by Mr. Monsur. In view of the time and skill reflected in his written report and the usefulness of his testimony, we believe that the award is reasonable.
With regard to the Department's second contention, it is well established that an expert's charges for pre-trial consultations with the landowner's attorney are not compensable. Louisiana Interstate Gas Corporation v. McIntire, 349 So.2d 1331 (La. App. 1st Cir. 1977); State, Department of Highways v. Manning, 322 So.2d 362 (La. App. 2nd Cir. 1975); State, Department of Highways v. United Pentecostal Church of Hodge, 313 So.2d 886 (La.App. 2nd Cir. 1975), writ denied 318 So.2d 60 (La.1975). We will therefore amend the award to delete the $200.00 allowed for the pre-trial conference.

ATTORNEY'S FEES
The trial judge arrived at the award of $13,500.00 for attorney's fees by rounding off 25% of the difference between the amount deposited by the Department, $65,202.00, and the total amount awarded for the takings and severance damages, $119,295.00. The Department contends that the award is excessive and should be reduced.
LSA-R.S. 48:453(E) reads as follows:
"Reasonable attorney fees may be awarded by the court if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment. Such attorney fees in no event shall exceed 25% of the difference in the registry of the court."
This provision gives the trial court discretion in making an award of attorney's fees. Such awards must be reasonable, however, and they may not exceed 25% of the excess awarded.
The Department argues that although the trial court's award complies with the 25% ceiling imposed by the legislature, it nevertheless is not a reasonable award. We are inclined to agree with the Department's contention that the award is high. However, we do not find that it is so excessive so as to constitute an abuse of the trial court's considerable discretion in these matters. The award will therefore be affirmed.
For the above and foregoing reasons, the judgment of the trial court is amended to reduce the fee of the expert witness, Hab Monsur, to the sum of $1,200.00. In all other respects, the judgment is affirmed. The costs of this appeal are taxed to the State of Louisiana, Department of Transportation & Development, in the sum of $376.75.
AMENDED AND AFFIRMED.
NOTES
[1] The suit was originally brought against the Estate of Guerry Ward Aertker, as the caption reflects. Samuel R. Aertker, the record owner of the subject property at the time of the takings, was later substituted as the defendant.