SAVOIE, Judge.
This is a suit for rescission of a community property settlement agreement. Plaintiff appeals from a judgment dismissing her demands to set aside the agreement.
Plaintiff, Janet Bourque, and defendant, John Vinturella, were married in 1975. A judgment of separation was rendered on July 12, 1982. Plaintiff and defendant entered into a community property settlement on December 1, 1982. The agreement was executed in authentic form and was recorded in the mortgage and conveyance records of St. Tammany Parish. Plaintiff and defendant were divorced on February 18, 1983. Subsequently, plaintiff filed suit seeking a rescission of the agreement on the grounds of lesion beyond one-fourth.
*214 The trial court found that plaintiff failed to prove that she was entitled to rescind the partition agreement. The trial court also found that plaintiff received property in the settlement with a total value that exceeded three-fourths of one-half of the value of the total community estate.
Plaintiff asserts the following assignments of error:
1. The trial court erred in holding plaintiff to a “clear and convincing” standard or burden of proof in a lesion suit for rescission of a community property partition.
2. The trial court erred in its “footnote finding” that Tammany Supply, Inc. was not a community asset.
3. The trial court erred in the valuation of Tammany Supply, Inc.
4. The trial court erred in the valuation of the community interest in Tammany Enterprises.
5. The trial court erred in not setting aside the community property settlement agreement on grounds of coercion, duress, fraud or lack of consent.
Assignment of Error No. 1
In order to determine whether an agreement should be set aside on the basis of lesion, the plaintiff has the burden of proving that she received less than three-fourths of the share to which she was entitled. To prove lesion the evidence must be clear and exceedingly strong. Blount v. Blount, 385 So.2d 476 (La.App. 1st Cir.), writ denied, 386 So.2d 358 (La.1980).
Plaintiff urges that the clear and convincing standard should be relaxed in lesion suits for rescission of community property partitions. Plaintiff cites Pitre v. Pitre, 247 La. 594, 172 So.2d 693 (1965), in support of her argument. We find Pitre clearly distinguishable from this case.
The court in Pitre did not apply the clear and convincing standard because the court did not rest its decision on grounds of lesion. The court rescinded the community property settlement on the grounds that the husband breached the fiduciary duty owed to the wife by not making a full disclosure of all facts regarding the community property at the time of the settlement. In addition, the settlement resulted in great advantage to the husband and great prejudice to the wife. The court stated that Mrs. Pitre was “a housewife with a very limited education and relatively inexperienced in business and business matters ...” 172 So.2d at 698.
In contrast, plaintiff herein worked for IBM for thirteen years and then worked with defendant at Tammany Supply, Inc. for approximately four years. Plaintiff began doing the bookkeeping for Tammany Supply, Inc. shortly before leaving her job with IBM. The record did not indicate a breach of fiduciary duty on the part of defendant. Therefore, the trial court was correct in basing its decision on grounds of lesion and in holding plaintiff to the clear and convincing standard1 of proof. This assignment of error lacks merit.
Assignment of Error No. 2
Tammany Supply, Inc. is a business managed by defendant. At trial, defendant claimed the business was separate property and plaintiff claimed the business was community property. The trial court, in its written reasons for judgment, assumed the business was community property and included the value of the business in its calculations of the total value of the community property. However, in a footnote the trial court suggested that the business was the separate property of the defendant. The plaintiff was not prejudiced by the trial court’s suggestion that the business was separate property because the trial court included the business as community property in reaching its decision. The trial court’s suggestion was of no consequence in its ultimate resolution of the case. Plaintiff’s assignment of error in respect to the footnote is without merit.
Assignment of Errors Nos. 3 & 4
The plaintiff claims that the trial court erred in the valuations of Tammany Supply, Inc. and the community interest in Tammany Enterprises. From the evidence adduced at trial, the court must ascertain the fair market value of the property in the *215 state it existed at the time of the contract. See King v. King, 493 So.2d 679 (La.App. 2nd Cir.), writ denied, 497 So.2d 316 (La.1986). It is evident from a reading of the record that the trial court carefully considered the testimony and the evidence offered at trial of all of plaintiff’s and defendant’s expert witnesses. There was no manifest error in the trial court’s valuations of Tammany Supply, Inc. and Tammany Enterprises. Assignments of error three and four are without merit.
Assignment of Error No. 5
Plaintiff claims the agreement should be set aside on the basis of lack of informed consent due to defendant’s coercion, duress and/or fraud. The trial court did not find coercion, duress, fraud or lack of consent. We also find nothing in the record to support coercion, duress, fraud and/or lack of consent. As discussed previously, plaintiff worked in the business with her husband and had working experience prior to the marriage. From plaintiff’s testimony it is clear that plaintiff is intelligent and knowledgeable in respect to business in general and particularly knowledgeable in respect to Tammany Supply, Inc. The record supports a finding of informed consent on the part of the plaintiff in her entrance into the community property settlement of December 1, 1982. In fact, after a thorough examination of the record we conclude that such a finding is mandated by the facts. This assignment of error is without merit.
Accordingly, the judgment of the trial court is affirmed at plaintiff’s costs.
AFFIRMED.