SAVOIE, Judge.
This is an appeal from a judgment on a rule to tax costs and expert fees. The rule to tax costs and expert fees was filed subsequent to a judgment dismissing plaintiff/appellant’s suit for rescission of a community property settlement agreement. The trial court judgment on the main demand was affirmed by this court and writs were denied by the Louisiana Supreme Court. Bourque v. Vinturella, 525 So.2d 213 (La.App. 1st Cir.), writ denied, 530 So.2d 568 (La.1988).
The facts of this matter on the main demand were reported in Bourque, 525 So.2d at 213. We adopt those facts for purposes of this appeal, and supplement pertinent facts, where needed.
The trial court awarded expert fees and costs in favor of defendant/appellee in the amounts of: $5,000.00 to Albert Richard, defendant’s business valuation appraiser; $4,000.00 to Keith Hardie, defendant’s real estate appraiser; and $420.00 in court costs. The trial court also awarded judicial interest on the total sum from the date the judgment was signed. Plaintiff has appealed the judgment on the rule.
The issues presented are whether the amounts allowed by the trial court as expert fees should be totally eliminated or, in the alternative, reduced and whether interest is allowable on a judgment for expert witness fees and court costs.[1]
Plaintiff alleges that the opinions of the two experts were flawed both legally and factually; that those opinions were essentially worthless and that the trial court committed manifest error in accepting those opinions either in whole or in part. These allegations as discussed in plaintiff’s brief are a veiled attack on the final judgment on the main demand. These allegations are completely inappropriate and have no place in this appeal. We find no merit to plaintiff’s contention that the expert fees should be eliminated.
In the alternative, plaintiff alleges that the expert fees should be reduced. To alter an award of expert fees, an appellate court must find the trial judge abused the great discretion properly accorded him in such matters. State Department of Highways v. Kornman, 336 So.2d 220 (La.App. 1st Cir.1976).
An expert is entitled to reasonable compensation for his appearance in court and for preparatory work done by him. See LSA-R.S. 13:3666(A). A party cannot claim the charges made by the expert for time spent in consultation with his legal counsel prior to trial. State, Department of Highways v. Manning, 322 So.2d 362 (La.App. 2nd Cir.1975). The agreement between an expert and the party for whom he testifies is not the sole criterion to set the amount to be taxed as court costs for his services. Komman, 336 So. 2d at 225. The fees allowed expert witnesses should be based on the relative usefulness of their respective testimony. Melancon v. Oilfield Lubricant Services, Inc., 292 So.2d 908 (La.App. 1st Cir.1974).
In the case at bar, the trial court relied on Mr. Richard’s testimony in its entirety and relied on a portion of Mr. Hardie’s testimony. A thorough reading of the hearing transcript indicates that the trial court fully understood the applicable criteria to be used in fixing the expert fees.
*642 Plaintiff asserts that Mr. Richard’s fee should be reduced because Mr. Richard spent some time in consultation with defendant’s counsel. Mr. Richard testified that some time was spent in consultation with defendant’s counsel but that “[m]ost of this time was my time in doing the valuation and in preparing to testify about it in court.” Mr. Richard’s submitted a fee of $6,246.00 to defendant’s counsel for a total of 48 hours of his time at a rate of $125.00 per hour. However, the trial court awarded Mr. Richard $5,000.00. In view of the fact that the trial court relied on Mr. Richard’s testimony in its entirety, the trial court obviously took into account the fact that Mr. Richard spent some time in consultation with defendant’s counsel and accordingly reduced Mr. Richard’s fee.
Mr. Hardie submitted a fee of $7,300.00 to defendant’s counsel for approximately three weeks of work and the trial court awarded him $4,000.00. The trial court relied on a portion of Mr. Hardie’s testimony and stated at the hearing on the rule that Mr. Hardie’s testimony was helpful to the court. Apparently the trial court based Mr. Hardie’s award on the relative usefulness of his testimony.
While we find these expert fees to be high, we do not find these fees so high as to constitute an abuse of discretion. We affirm the award of the expert fees.
Plaintiff alleges that the trial court committed manifest error in awarding judicial interest on a judgment for expert witness fees and court costs. Louisiana Revised Statutes 13:3666(B) states in part that “[t]he court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment....” It is well settled that interest is not allowable on the portion of a judgment representing costs. State, Department of Highways v. McTeague, 244 So.2d 263 (La.App. 1st Cir.1970). Accordingly, we amend the judgment to delete the judicial interest on the expert witness fees and court costs.
As amended, the judgment is affirmed with the costs of this appeal to be borne by the plaintiff/appellant.
AMENDED, AND AS AMENDED, AFFIRMED.

. Plaintiff also alleges that the "trial court committed an error of law in awarding expert fees on a rule to tax costs prior to the final resolution of the case.” The judgment on the main demand is now final and this assignment of error is moot.