619 So.2d 842 (1993)
Linda GIAMANCO
v.
EPE, INC.
No. 92 CA 0588.
Court of Appeal of Louisiana, First Circuit.
May 28, 1993.
*844 Guy A. Modica, Baton Rouge, for plaintiff-appellant Linda Giamanco.
Melissa J. Richard, Baton Rouge, for defendant-appellee E.P.E., Inc.
Before CARTER, LeBLANC and PITCHER, JJ.
LeBLANC, Judge.
Linda Giamanco, plaintiff-appellant, appeals from a trial court judgment awarding her general and special damages and assessing expert witness fees in this personal injury suit filed against EPE, Inc., defendant-appellee, owner and operator of Fantastic Sam's, a beauty salon.

FACTS
On April 17, 1987, Mrs. Giamanco went to Fantastic Sam's in response to a newspaper advertisement offering a "Perm/Body Wave" special. Maureen Simien, a licensed cosmetologist employed by Fantastic Sam's, was the stylist who performed the services for Mrs. Giamanco on her visit to the salon. Ms. Simien testified she applied a stripper, then conditioned, shampooed, trimmed, rolled and applied a permanent wave solution to Mrs. Giamanco's hair. Heated clamps were attached over the curling rods, and then removed. She then applied a neutralizer. After a final rinse, Mrs. Giamanco's hair was dried and styled. The service card which was filled out by Maureen Simien includes Mrs. Giamanco's initials, indicating her satisfaction with the services she received.
When Mrs. Giamanco shampooed her hair several days later, it began to mat and fall out. Mrs. Giamanco also noticed an odor. Mrs. Giamanco returned to Fantastic Sam's and spoke with Sandra Wyble, manager of the salon. Ms. Wyble stated she thought the neutralizer had been omitted during the first permanent wave application and applied a second permanent wave to Mrs. Giamanco's hair. During the following weeks Mrs. Giamanco returned to Fantastic Sam's on several occasions to have an intense conditioner applied to her hair, but it continued to mat, fall out, break off, and the offensive odor persisted.
Mrs. Giamanco saw Dr. George W. Poche, a dermatologist, and Jackie Weber, a cosmetologist at Image Makers Salon. Both advised Mrs. Giamanco that her hair was damaged and that only time would cure the problem. Ms. Weber used a hair repair shampoo and frequent trimmings to improve the brittle condition and appearance of Mrs. Giamanco's hair. Mrs. Giamanco also saw Mr. David T. Hall, a mental health counselor, beginning in September of 1987, and continued to see him intermittently, up to the time of trial.
*845 Mrs. Giamanco received a judgment in her favor, awarding $4,500.00 as general damages for the physical and mental damages suffered by plaintiff; $100.00 for expenses for Dr. Poche; $32.45 for the price of the permanent wave; $100.00 for expenses at Image Makers; interest; and costs. Expert witness fees were fixed at $400.00 for Dr. Poche, and $25.00 each for Jackie Weber and Jessie Hurdle, cosmetologists who testified at trial.
From this judgment plaintiff appealed. She assigns as error: 1) finding EPE was not liable in damages to Mrs. Giamanco for the post-traumatic stress disorder she suffered because such damages were not "foreseeable"; 2) not awarding the full amount of special damages; and 3) the assessment of expert witness fees.

ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
In its oral reasons for judgment, the trial court stated:
When we look at damagesand I understand the law provides that you take the victim as you find them. Also, the law provides that whenever you talk about damages, you should consider what's reasonably anticipated or foreseen as a natural consequence of the wrongful act. And I, for one, would never haveeven now, I do not believe that it can be reasonably anticipated or foreseen as a natural consequence or a natural sequence to the wrongful act, i.e. the overprocessing, that this lady would have such a problem. It's obviously part attributed to the obsession that she has with her hair. But I certainly believe Dr. Blanche's statement that there's more to it than that.
So, with regard to the foreseeability, I just don't believe that it could be foreseen that this would have happened and that E.P.E., Inc., should be liable for anymore than what would be foreseeable.
The trial court's requirement of foreseeability is error. It is well settled in our jurisprudence that a defendant takes his victim as he finds him and is responsible for all natural and probable consequences of his tortious conduct. Where the defendant's negligent action aggravates a preexisting injury or condition, he must compensate the victim for the full extent of his aggravation. American Motorist v. American Rent-All, 579 So.2d 429, 433 (La.1991); Perniciaro v. Brinch, 384 So.2d 392, 395 (La.1980); Daigle v. Coastal Marine, Inc., 500 So.2d 823, 827 (La.App. 1st Cir.1986).
There is no conflicting testimony concerning plaintiff's post-traumatic stress disorder. Experts for both sides agree in their diagnosis and recommended treatment.
Mrs. Giamanco testified that her former lifestyle was greatly changed after her hair was damaged. Before the damage, she was outgoing, friendly, and active. After the damage, she was unable to face friends and even family members, stopped entertaining, and was embarrassed to be seen by others.
Mr. Hall, plaintiff's expert, testified Mrs. Giamanco was overly concerned with her appearance and was fixated on her hair and the appearance of her hair. Mr. Hall stated plaintiff had suffered severe trauma because of the damage to her hair, and ten months to one year of therapy usually produced cures for post-traumatic stress disorder patients. As a Licensed Professional Counselor, he provided mental health counseling, although not continuously, for plaintiff from September, 1987, until trial, and recommended continued therapy.
Dr. Robert V. Blanche, expert for the defendant, examined Mrs. Giamanco and confirmed a diagnosis of post-traumatic stress disorder. He identified plaintiff as having a histrionic personality style, which would make her place an extreme amount of emphasis on her personal appearance. He also prescribed psychotherapy and, in addition, anti-depressant prescription drugs for Mrs. Giamanco. Dr. Blanche also stated: "So I think that her reaction probably could have been predicted, based on her personality style and other dynamics that I think were going on."
*846 Mrs. Giamanco was predisposed to react more intensely to a threat to her physical appearance than other people. Her resulting depression and post-traumatic stress disorder were caused by the damage done to her hair by Fantastic Sam's. Accordingly, Mrs. Giamanco is entitled to recover damages for the aggravation of her preexisting psychiatric condition.
The award made by the trial court was for $4,500.00 for the "physical and/or mental anguish that she might have sustained in this case ...". There was no award for the post-traumatic stress suffered because of the aggravation of her preexisting condition.
We modify the judgment of the trial court to increase the general damage award to adequately compensate plaintiff for her psychological damage and to include an award for special damages to cover her mental health care expenses. Since this increase is made to compensate plaintiff for damages not included in the trial court award, our award is de novo, and we are not limited to the principles of Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). See, Vidrine v. Keller, 541 So.2d 940, 943 (La.App. 5th Cir.1989). We find the damage suffered by Mrs. Giamanco as a result of her post-traumatic stress disorder would be sufficiently compensated by an award of $5,500.00. Thus, the general damage award is hereby increased to $10,000.00.
Mrs. Giamanco also seeks an increase in the special damages award to include her medical expenses, past and future, for psychotherapy. Plaintiff is entitled to her special damages. La.C.C. art. 2315. Both mental health experts recommended psychotherapy for plaintiff. The testimony and evidence at trial established that the expenses already incurred by Mrs. Giamanco for mental health counseling total $4,470.00.
Mr. Hall testified ten months to one year of therapy is normal for overcoming post-traumatic stress disorder; however, Mrs. Giamanco has taken much longer. Mr. Hall stated plaintiff's condition is curable and that patients like Mrs. Giamanco show remission of their symptoms if they follow therapeutic suggestions. Dr. Blanche suggested six months to one year of intensive therapy. The judgment of the trial court is hereby increased to include $4,470.00 for past psychotherapy, and to include $4,160.00[1] for future psychotherapy.
Plaintiff also argues special damages should have been awarded for costs she incurred at Image Makers Salon for conditioning treatments, conditioning products, trims, shampooing and styling. These costs totaled $262.63. The trial court awarded $100.00, explaining this award was to cover the costs for trims only.
The costs of the products, services and advice Mrs. Giamanco received at Image Makers were costs she incurred because of the damage done to her by Fantastic Sam's. She is entitled to these damages. The judgment of the trial court is hereby increased by $162.63, making the total award for this item of damages $262.63.
The special damages award for Dr. Poche's bill was also assigned as error by Mrs. Giamanco. The trial court awarded $100.00 for the expenses incurred for Dr. Poche's services. Dr. Poche testified his bill was "probably a hundred twenty-five dollars, something in that neighborhood;" he was unsure as to the exact amount. The award of $100.00 was clearly within the range testified to by Dr. Poche. This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER THREE
Plaintiff also assigns as error the failure of the trial court to award Mr. Hall expert witness fees and the amount of witness fees awarded to Jackie Rimes and Jessie Hurdle, cosmetologists.
To alter an award of expert fees, an appellate court must find the trial judge abused the great discretion properly accorded him in such matters. Bourque v. *847 Vinturella, 543 So.2d 640, 641 (La.App. 1st Cir.1989). An expert is entitled to reasonable compensation for his appearance in court and for preparatory work done by him. See, La.R.S. 13:3666 A. The amount of the fee is to be determined by several factors, including: degree of skill of the witness, the time spent in preparatory work, the extent and nature of the work performed, and the time spent away from his job along with the actual time spent in court. D'Angelo v. New Orleans Public Serv., Inc., 405 So.2d 1262, 1271 (La.App. 4th Cir.), writ denied, 407 So.2d 748 (1981).
In the instant case, Mr. Hall was accepted by the court as an expert in the field of psychotherapy. Mr. Hall testified to the characteristics and criteria of someone suffering from post-traumatic stress disorder. His testimony was clear and useful. It was error for the trial court to fail to assess an expert witness fee for Mr. Hall. Accordingly, we amend the assessment of expert witness fees to include $300.00 for Mr. Hall.
We find the trial court has not abused its great discretion in awarding the expert witness fees to Mrs. Giamanco's cosmetologists.

CONCLUSION
For the reasons stated, the judgment of the trial court is hereby amended to provide that plaintiff be awarded damages in the amount of $18,892.63, consisting of the following items of damages: $10,000.00 for general damages; $4,470.00 for past psychotherapy; $4,160.00 for future psychotherapy; and $262.63 for services and products. The trial court judgment is further amended to award an expert witness fee of $300.00 for Mr. Hall's testimony. In all other respects the judgment of the trial court is affirmed.
All costs of this appeal to be paid by defendant.
AMENDED, AND AS AMENDED, AFFIRMED.
CARTER, J., concurs in part and dissents in part.
I agree with the majority opinion in all respects except that part which increases the general damage award.
NOTES
[1] 52 weekly sessions at $80.00 per session equals $4,160.00.