| ¡.CLAIBORNE, J.
This is an appeal by the Town of Amite City (the Town) from a judgment of the trial court awarding Amite Central Railroad Properties, L.L.C. (Amite Central) compensation in the amount of $116,386.86 for the property sought to be expropriated from it by the Town, and also awarding Amite Central costs, $21,721 in attorney’s fees, $5,000 for its appraisal expert, and $1,515 for its surveyor.
FACTUAL AND PROCEDURAL BACKGROUND
This is an expropriation proceeding brought by the Town to acquire property owned by Amite Central. Amite Central contested the Town’s right to expropriate its property. After trial on the merits, the judge ruled in favor of the Town, determined that the Town had the right to expropriate, and fixed the just compensation for the property. The only issue on appeal before this court is whether the trial judge was manifestly erroneous in the amount of just compensation for the property sought to be expropriated in this case.
The property at issue in this case is made up of two tracts of land that Amite Central purchased from Illinois Central Railroad Company (Illinois Central) in May and November of 1996. The tracts border the railroad, which runs through the oldest part of the commercial district of the Town in a north/south direction. The western tract (also called “Cabby’s Tract,” because it is located in front of Cabby’s Restaurant) is bounded on the west by U.S. Highway 51, and the eastern tract (also called “Fire Station Tract,” because it is located in front of the fire station) is bounded on the east by Northeast Central Avenue, although apparently both of these roads actually encroach upon the tracts of land.
|sThe tracts used to be part of the railroad right-of-way, which extended one hundred fifty feet on either side of the centerline of the tracks. Illinois Central did not use all of the right-of-way, and a portion of the property contained trees and green, open areas. Eventually, in the 1980s, Illinois Central decided to keep only twenty-five feet of right-of-way on either side of the tracks, and it began to sell the *7 remaining land along the railroad tracks. After the Town learned that Illinois Central had sold Cabby’s Tract and the Fire Station Tract to Amite Central, it immediately began to discuss possible strategies for acquiring the property for the Town. Mayor Goldsby testified at trial that the Town had not adopted any long-range development plan for the area around the railroad tracks and had not had any formal discussion about purchasing this property from Illinois Central, but he had always thought that Illinois Central would approach the Town first if it intended to sell this property, rather than selling it to a private company.
On November 18,1996, right after learning about Amite Central’s purchase of the railroad property, a special meeting of the Town’s Board of Aldermen was called to discuss, among other things, the steps the Town would take regarding the property. The Board of Aldermen decided that it would immediately begin to negotiate with Amite Central to purchase the property, and it passed a motion that if negotiations failed, then it would begin to take the steps necessary for expropriation. At the meeting, an investor was present who had been in contact with Amite Central concerning possible investments in the property. He asked whether the Town was opposed to any development along this property, and Mayor Goldsby affirmed that fact.
The next morning, November 19, 1996, a special meeting of the Town’s Planning and Zoning Commission was called for the purpose of [4discussing the zoning of the two tracts of land purchased by Amite Central, plus a third tract purchased by Amite Central that is not at issue in this litigation. These tracts of land had never been zoned before and, therefore, had no zoning classification. They are surrounded by property that is either not zoned or is zoned commercial C-2, retad sales. At the Planning and Zoning Commission meeting it was recommended, however, that the Amite Central tracts of land be zoned agricultural A-2, which is agricultural, woodlands, open space, flood conservation, nature preserves, and recreation facilities. The Commission passed a motion to hold a public hearing on zoning the property at their next meeting.
Eventually, the Planning and Zoning Commission voted to deny the A-2 zoning proposal for the Amite Central property. Instead, the Commission chose not to place any classification on the property and passed a resolution declaring that the Town’s zoning ordinance is “unworkable” and that “a comprehensive zoning and drainage plan be instituted for the entire town.”
The Town’s Board of Aldermen voted not to follow the recommendation of the Planning and Zoning Commission and passed a resolution zoning the Amite Central property A-2. However, this resolution was passed by only a majority of the Board, as opposed to the two-thirds required by Town of Amite City Zoning Ordinance 9.102 for resolutions that have failed to receive the approval of the Planning and Zoning Commission.
After the Town’s offers to purchase Cabby’s Tract and the Fire Station Tract from Amite Central were rejected, the Town passed a Irresolution to expropriate the two tracts of land.[2] However, before the Town could file its expropriation suit, Amite Central filed a declaratory judgment action, seeking damages and seeking to declare null and void certain resolutions *8 and ordinances of the Town purporting to rezone and authorize the expropriation of Amite Central’s property. The two lawsuits were consolidated for trial.[3] After an initial trial was held, the judge signed reasons for judgment on January 28, 2000, authorizing the expropriation and setting the value of the two tracts of land at $1.74 per square foot. The judge also set the expert fee for Amite Central’s appraiser. The record was left open for a final determination of the usable area of the two tracts. “Usable” area means that part of the property conveyed by the railroad company to Amite Central, less the parts previously lost by adverse possession to the state and the part previously lost by dedication for Mulberry Street. After two more evidentiary hearings were held, the total usable area of the two tracts was determined to be 66,889 square feet, resulting in an award to Amite Central of $116,386.86, plus costs, $21,721 in attorney’s fees, $5,000 for its appraisal expert, and $1,515 for its surveyor. A judgment to that effect was signed on November 6, 2001, and from that judgment, the Town now appeals.
However, there is no judgment of expropriation in the record. The judgment appealed from fixes the valuation, but it does not order the expropriation in favor of the Town and does not describe the property expropriated. A final judgment affecting title to immovable property must | (¡describe the property fully and with particularity. See La. C.C.P. art.1919. See also Louisiana Intrastate Gas Corp. v. McIntire, 349 So.2d 1331, 1334 (La.App. 1st Cir.1977). The judgment should contain language ordering expropriation and transfer of title upon payment of the amount awarded to the property owners. See City of New Orleans v. Lew, 227 So.2d 785, 789 (La.App. 4th Cir.1969).
A judgment and reasons for judgment are two separate and distinct documents. La. C.C.P. art.1918. Where there are written reasons for judgment and no separate judgment, there is no final judgment and appeal delays do not begin to run. Fisher v. Rollins, 231 La. 252, 259, 91 So.2d 28, 31 (1956). If there is a disparity between the judgment and the written reasons for judgment, the final judgment is definitive. See Thurman v. Thurman, 521 So.2d 579, 581 (La.App. 1st Cir.1988).
Considering that the judgment in the expropriation suit does not order expropriation of a particular tract of land or the “usable” extent thereof, it appears a vital prerequisite is missing. Furthermore, there can be no award of just compensation for property that has not been expropriated. Therefore, in the absence of a judgment of expropriation describing the property fully and with particularity, the judgment awarding an amount of just compensation is not a final judgment, and this court lacks jurisdiction to consider this appeal.
Therefore, the case will be remanded for the purpose of allowing the trial court to render final judgment. Costs of this appeal are assessed equally to the Town and Amite Central.
APPEAL DISMISSED; REMANDED.

. Although the resolution passed by the Town purporting to authorize the expropriation was found by the trial judge to be insufficient, he granted the Town leave to rectify this deficiency by obtaining the proper authorization, which it subsequently did by passing another resolution. Amite Central does not raise this as an issue on appeal.

. No judgment was ever rendered in Amite Central's declaratory judgment action. However, even without a valid judgment, Amite Central filed an appeal in that action, which it subsequently dismissed by way of a joint motion to dismiss. Accordingly, the declaratory judgment action, entitled Amite Central Railroad Properties, L.L.C. v. Town of Amite City, is not before us on appeal, and there is no appeal or answer to the appeal filed on behalf of Amite Central in the remaining case.