FRANCISCO DE PAULA DE LIZARDI and others *v.* WILLIAM A. HARDAWAY and others.

Sec. 3 of the stat. of 25 March, 1831, must be understood as allowing to the defendant in injunction, in case of its dissolution, the highest rate of conventional interest on the amount of his judgment from the date of the injunction to the time of its dissolution, and as leaving it to the discretion of the court to fix the measure of the damages he may be entitled to receive, subject to the restriction that they shall not exceed twenty per cent, unless it be proved that damage was sustained to a larger amount. The court is not bound to allow in all cases damages to the extent of twenty per cent; the amount allowed must depend upon the circumstances of the case. It is only where the principal sum for which the judgment enjoined was rendered bears no interest, that interest can be allowed at ten per cent on dissolving the injunction; where interest was allowed by the judgment enjoined at five per cent on a part of the principal sum, but no interest on the residue, the court should, on dissolving the injunction, allow interest at ten per cent on the latter, and at five per cent on the portion bearing interest at five per cent. Interest is to be allowed only on the principal sum for which judgment was rendered—not on the aggregrate of principal, interest and costs.

APPEAL from the District Court of the First District, *Buchanan*, J.

*G. Strawbridge*, for the appellants.

*L. C. Duncan*, and *Grymes*, for the defendants.

SIMON, J. The plaintiffs are appellants from a judgment by which they, and their surety on the injunction bond, (also an appellant,) are made liable to pay to the defendants *ten per cent interest* and *twenty per cent damages* on the sum of $13,492 42½ being the aggregate amount, principal, interest and costs, of a judgment rendered in favor of Robertson, Beale & Co. against the plaintiffs, (subsequently assigned to the defendants,) the execution of which was arrested by an injunction issued in this case at the request of the plaintiffs, on the allegations, regularly

sworn to, that the amount of the judgment was satisfied and extinguished by compensation, long before the suit of Robertson, Beale & Co. was instituted, and before the assignment to the defendants took place.

The record shows, that an execution having issued on said judgment against the plaintiffs, for the use of the defendants, assignees of Robertson, Beale & Co., on the 25th of April, 1843, to satisfy the sum of $10,837 88, with legal interest on the sum of $9275 from the 1st of February, 1838, till paid, and also the sum of $227 87½ costs, the same was enjoined by the appellants, who, after issue joined by the appellees, and after an unsuccessful attempt to obtain a continuance of the cause, on the 13th January, 1844, discontinued their suit; whereupon the injunction was dissolved, and the judgment complained of was rendered.

According to the 3d section of the act of 1831, whenever an injunction obtained to stay the execution of a judgment is dissolved, the court, *in the same judgment,* shall condemn the plaintiff and surety to pay to the defendant, interest at the rate of ten per cent per annum *on the amount of the judgment,* and not more than twenty per cent as damages, unless damages to a greater amount be proved. We have always understood this law, as allowing to the defendant in injunction, the *maximum* rate of interest on the amount of his judgment, and as leaving to the discretion of the court to fix the *quantum* of damages which the defendant should be entitled to recover, provided those damages should not exceed twenty per cent, unless proof be adduced that he sustained damage to a larger amount; but we have never entertained the idea that the court was bound to allow not less than twenty per cent damages, 12 La. 125,) as the amount to be allowed must necessarily depend upon the circumstances of the case. Here, the judgment appealed from gives to the defendants in injunction, ten per cent interest upon the whole amount due them of *principal, interest and costs,* at the time the execution was enjoined; and it appears that a part of said judgment, to wit, $9275, bore already five per cent interest, and that the balance, to wit, $1562 88, bears none. According to the rules recognized in several of our late decisions, (19 La. 300,

317, and 3 Robinson, 128,) we must again hold that the judge, *a quo*, ought not to have allowed more than five per cent interest upon that part of the judgment which already bears five ; and that he should have allowed ten per cent only on the amount which bears none.    We thin̆k also that he erred in allowing interest upon the aggregate amount of the judgment in principal, interest and costs, as it is clear, that thereby he allows the defendants interest upon interest, which the law does not appear tp have contemplated.    The law of 1831 gives ten per cent interest *on the amount of the judgment*, and not upon its amount, together with the interest which may have accrued thereon.    As to the damages, we are of opinion that they are excessive; and that, under all the circumstances of the case, five per cent only should have been allowed.    The judgment appealed from must, therefore, be corrected.

It is accordingly ordered, that so far as the judgment of the District Court dissolves the injunction, it be affirmed, but that as it relates to the allowance of interest and damages, it be reversed ; and it is further ordered that the defendants and appellees do recover of the appellants, *in solido*, five per cent additional interest per annum on $9275, and ten per cent interest per annum on $1562 88, from the 27th of April, 1843, until the day the injunction was dissolved ; and five per cent. damages on the said two sums forming that of $10,837 88, which is the amount of the judgment enjoined, exclusive of interest and costs ; and that the costs of this appeal be borne by said appellees.