580 So.2d 465 (1991)
CAJUN ELECTRIC POWER COOPERATIVE
v.
OWENS-CORNING FIBERGLASS CORPORATION.
No. 90-CA-775.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 1991.
Rehearing Denied June 17, 1991.
Michael J. Furman, Stephen R. Remsberg, New Orleans, for defendant/appellant.
W. Paul Anderson, New Orleans, for plaintiff/appellee Bovay Engineers, Inc.
Before BOWES, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
This appeal arises out of a rule to tax costs for experts filed by a third party defendant, Bovay Engineers, Inc. (Bovay).
Cajun Electric Power Cooperative, Inc. (Cajun) filed suit against Owens-Corning Fiberglass Corporation (Owens) for failure to provide Cajun with a properly functioning circulating water pipe at its power plant known as Big Cajun II. Owens filed third party demands against Bovay and Boh Brothers Construction Co., Inc. (Boh). Following a trial on the merits the trial court rendered judgment on July 19, 1984 dismissing Bovay from the suit pursuant to LSA-C.C.P. art. 1672(B).[1] Other proceedings were conducted in the suit resulting in an appeal to this court. See Cajun Elec. Power Co-Op v. Owens-Corning, 528 So.2d 716 (La.App. 5th Cir.1988) writ denied 531 So.2d 475 (La.1988). On November 15, 1988 Bovay filed a Rule to Tax Costs for Experts, asserting their entitlement to $72,568.99 in expert fees paid to two experts necessary for the defense in this matter. The trial court rendered a judgment in favor of Bovay for the entire amount of $72,568.99. Owens appeals asserting that the request for costs was untimely and excessive. We affirm.

Timeliness
In brief to this court appellant argues that the rule for costs is untimely *466 since, although the main suit continued until 1988, Bovay was dismissed from the suit in 1984. This argument is properly raised by an exception of prescription. Such an exception may be filed in either the trial court or the appellate court. LSA-C.C.P. art. 2163. However, in either case the exception must be presented in a formal pleading and cannot merely be argued in brief. Bergeron v. Houma Hosp. Corp., 514 So.2d 1192 (La.App. 1st Cir. 1987) writ, den. 517 So.2d 812 (La.1988); Lilly, Inc. v. Argus Technical System, 538 So.2d 717 (La.App. 4th Cir. 1989). Prescription is an affirmative defense and must be specifically pleaded. It cannot be supplied by the court. LSA-C.C. 3452; LSA-C.C.P. art. 927. Thus, the issue of prescription is not properly before this court and can not be considered.

Excessiveness
LSA-C.C.P. art. 1920 provides that, "unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause." Where, as in the instant case, the judgment is silent as to costs, they shall be paid by the party cast in judgment. Lewis v. Macke Bldg. Services, Inc., 524 So.2d 16 (La.App. 5th Cir.1988), writ denied 532 So.2d 131 (La.1988). When costs are taxed, expert fees are implicitly included. Bentley v. Indus. Fire Protection, Inc., 350 So.2d 982 (La.App. 2nd Cir. 1977). LSR.S. 13:3666 B allows the trial court to fix expert fees either from the testimony adduced at a trial on the merits or by a rule to show cause brought subsequently. McGee v. Miears, 516 So.2d 1241 (La.App. 2nd Cir. 1987). The amount fixed for expert fees is a matter within the discretion of the trial court and should not be disturbed on appeal absent a showing of manifest abuse of that discretion. Ellis v. Allstate Ins. Co., 453 So.2d 1209 (La.App. 5th Cir. 1984).
The transcripts of the original trial on the merits and the rule to tax costs were not designated by appellant and are, therefore, not contained in the record. The record as designated on appeal contains only the transcript of the hearing on appellant's motion to reconsider the taxing of costs. At that hearing the trial court stated that it was "very impressed with the quality of the experts" and further indicated that the case involved complicated issues. In the judgment denying the motion to reconsider, the trial court stated that it found the amounts to be reasonable and appropriate because of the unusual expertise of the witnesses. Although we do not have the trial record before us in this appeal, we note from Owens' previous appeal in this matter[2] that the trial was a lengthy process spanning a period of ten months from July, 1983 to May, 1984 for a total of nineteen days.
Contained in the record are itemized statements from all experts involved which substantiate the total fees. Bovay also filed an affidavit explaining the necessity for a nationwide search to locate witnesses with the necessary expertise in the field of fiberglass technology who were willing to testify in a suit against Owens.
While we note that the amount of expert fees awarded in this case is unusually high, we have nothing in the record before us on appeal to show that the trial court was manifestly erroneous in awarding the fees. Consequently the ruling is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
[2] Cajun Elec. Power Co-Op. v. Owens  Corning, supra.