CANNELLA, Judge.
Bovay Engineers, Inc. (Bovay), third-party defendant, appeals from a judgment awarding legal interest on court costs from November 16, 1989. Owens-Corning Fiberglass Corporation (Owens-Corning), third-party plaintiff and defendant in the original suit, appeals the entitlement to legal interest on said court costs. We amend and affirm, as amended.
On December 18, 1980, Cajun Electric Power Cooperative, Inc. (Cajun) sued Owens-Corning for a defective circulating water pipe, manufactured by Owens-Corning and installed at Cajun’s power plant. On September 4, 1981 Owens-Corning filed a third-party demand against Bovay, Boh Brothers Construction Company and Burns and Roe, Incorporated for failure to follow the installation instructions of Owens-Corning. A judge trial was held on July 11-22, 1983, February 13-17,1984 and May 16-18, 1984. Following trial, Bovay was dismissed.[1]
On December 5, 1988, Bovay filed a Rule to Tax Costs For Experts, asserting that appeal on the merits was now final. The rule was heard on November 6, 1989 and on November 16, 1989 judgment was rendered in favor of Bovay, fixing expert witness fees at $72,568.73 and taxing them as court costs. Owens-Corning appealed the judgment. This court affirmed in Cajun Elec. Power v. Owens-Corning, supra.
When the above appeal was final, Bovay filed a Motion For Recognition Of Interest on the judgment of November 16, 1989.[2] This motion was heard on November 14, 1991 and the judgment, rendered the same day, awarded legal interest on the court costs from November 16, 1989, the date of the judgment on the Rule To Tax Costs For Experts.
Bovay appeals only the date that the interest on the court costs begins to run, November 16, 1989. Bovay contends that legal interest applicable to a third-party demand runs from judicial demand, the date the principle demand was filed by the plaintiff, citing Chandler v. Jones, 532 So.2d 402 (La.App. 3rd Cir.1988).
Owens-Corning appeals the entire judgment of November 14, 1991. It claims that legal interest on court costs is not allowed under Louisiana law and cites De Lizardi v. Hardaway, 8 Rob. 20 (La.1844) as the last expression on this issue by the Supreme Court. See also State Department of Highways v. McTeague, 244 So.2d 263 (La.App. 1st Cir.1970), Pillow v. Board of Com’rs, 425 So.2d 1267 (La.App. 2nd Cir.1982), writ granted, 427 So.2d 1200 (La.1983), writ recalled, 445 So.2d 1225 (La.1984), and Bourque v. Vinturella, 543 So.2d 640 (La.App. 1st Cir.1989).
De Lizardi held that judicial interest did not apply to the aggregate of principle, interest and costs in an injunction proceeding which reestablished a previous judgment, otherwise the court would be applying interest on interest. That pronouncement was interpreted by the first and second circuits in State, Department of Highways v. McTeague, supra, Pillow v. Board of Com’rs, supra, and Bourque v. Vinturella, supra, as meaning that legal interest can never be applied to court costs. We disagree.
Bovay contends that the award of court costs is a money judgment, subject to legal interest. Cotton v. Wal-Mart Stores, Inc., 552 So.2d 14 (La.App. 3rd Cir.1989) and Greene v. Gulf Coast Bank, 580 So.2d 712 (La.App. 3rd Cir.1991). These two cases hold that legal interest is due on court costs, which have actually been paid. The *1389 court in Cotton, analyzing La.C.C.P. art. 1921 and Bd. of Trustees, etc. v. All Taxpayers, 361 So.2d 292 (La.App. 1st Cir.1978), stated that, since court costs are considered by law to be money judgments, executable against the party that costs are assessed against (Bd. of Trustees, etc.), and since La.C.C.P. art. 1921 does not differentiate between expenses incurred by a party and taxed as costs and a judgment for other court costs, the award of legal interest on court costs is permissible. Based on our analysis of the law, we agree.
This circuit has not had the occasion to rule on the issue until now. However, we find the De Lizardi case to be distinguishable, and the Cotton and Greene cases to be persuasive. Thus, we hold that legal interest is appropriately assessed on the court costs incurred by Bovay.
The next question is the date from which legal interest on court costs should run. The trial judge awarded interest from November 16, 1989, the date of the judgment on the Rule to Tax Costs For Experts. Bovay asserts that legal interest should run from date of the principle demand filed by the original plaintiff, citing Chandler v. Jones, 532 So.2d 402 (La.App. 3rd Cir.1988). Owens-Corning argues that the Chandler case is distinguishable and the trial judge was correct, since this case is not a delictual claim.
La.C.C.P. art. 1920 provides that the award of court costs is a discretionary function of the trial judge. Normally, the party cast in judgment is held responsible for the costs, but the court may render the judgment for costs, or any part thereof, against any party it considers equitable. La.C.C.P. art. 1921 states that the “court shall award interest in the judgment as prayed for or as provided by law.”
In Chandler, a third-party demand was filed in a tort case. Plaintiff prevailed in trial and legal interest ran from the date plaintiff filed his petition. Furthermore, the jury assessed certain percentages of tort liability against the employer’s primary and excess insurance carriers, as a result of the employer’s third-party demand, along with interest on said amounts accruing from the date plaintiff s initial tort petition was filed. The Third Circuit held that this third-party demand was essentially a request for indemnification for tort damages, including legal interest on the primary plaintiff’s demand from the date the original petition was filed. The legal interest of plaintiff, therefore, was part of the damages of third party plaintiff, hence the ruling in Chandler.
The facts in Chandler, a tort case, are clearly different from the facts here. This case contains contract and tort elements and does not totally come under La.R.S. 13:4203, as does Chandler. The question of when is judicial demand, for a third party claim, in a defective installation case, is res nova. See also: Trans-Global Alloy v. First Natl. Bank, 583 So.2d 443 (La.1991).
Considering the specific facts in this case, we find the appropriate date for legal interest to begin running to be the date Bovay made judicial demand. That demand is found in its answer to the third-party claim. The third-party claim was filed on September 4, 1981 and Bovay filed its answer on February 24, 1982. We find that the date used by the trial judge was manifestly erroneous. We hold that legal interest accrues from February 24, 1982, not November 16, 1989 as found by the trial judge. La.C.C.P. art. 1921.
Therefore, we amend the judgment of the trial court to award legal interest on the court costs of Bovay from date of judicial demand by Bovay (the filing of its answer on February 24, 1982), until paid.
Accordingly, the judgment of the trial court dated November 14, 1991 is hereby amended and affirmed, as amended.
Costs of appeal are to be borne by Owens-Corning.
AMENDED AND AFFIRMED AS AMENDED.

. In both briefs and in an opinion of this court, the dismissal was granted July 19, 1984. The record, however, does not reflect the date because it was designated without the judgment. The opinion is Cajun Elect. Power v. Owens-Corning, 580 So.2d 465 (La.App. 5th Cir.1991).

. The Motion For Recognition of Interest is not in the designated record. The memoranda for and against the Motion are stamped filed For Record, September 24, 1991 and November 4, 1991, respectively.