616 So.2d 645 (1993)
CAJUN ELECTRIC POWER COOPERATIVE
v.
OWENS-CORNING FIBERGLASS CORPORATION.
No. 92-C-2761.
Supreme Court of Louisiana.
April 12, 1993.
Michael J. Furman and David M. Whitaker, Lemle & Kelleher, New Orleans, for applicant.
W. Paul Anderson and Stantopn E. Shuler, Jr., Leake & Anderson, New Orleans, for respondent.
MARCUS, Justice[*].
On December 18, 1980, Cajun Electric Power Cooperative, Inc. (Cajun) filed suit against Owens-Corning Fiberglass Corp. (Owens) for failure to provide Cajun with a properly functioning circulating water pipe at Cajun's power plant in New Roads, Louisiana. On September 4, 1981, Owens filed several third party demands including a third party demand against Bovay Engineers, Inc. (Bovay). Subsequently, Owens and Cajun settled the main demand. A judge trial was held on Owens' third party claims. On July 19, 1984, Owens' third party claim against Bovay was dismissed pursuant to La.Code Civ.P. art. 1672(B).[1] *646 The judgment of dismissal was silent as to costs. On November 15, 1988, Bovay filed a rule to tax costs for experts. On November 16, 1989, judgment was rendered in favor of Bovay fixing expert witness fees at $72,568.73. The court of appeal affirmed. Cajun Elec. Power Co-Op v. Owens-Corning Fiberglass Corp., 580 So.2d 465 (La.App. 5th Cir.1991). Thereafter, Bovay filed a motion for recognition of interest on the judgment awarding court costs. The trial judge awarded Bovay legal interest on the award of court costs from November 16, 1989, the date of the judgment fixing court costs. The court of appeal affirmed the award of legal interest on expert witness fees assessed as costs; however, it amended the judgment to award legal interest from February 24, 1982, the date Bovay made judicial demand for court costs in its answer to Owens' third party demand.[2] On Owens' application, we granted certiorari to review the correctness of the court of appeal's decision.[3]
The issues for our determination are whether interest can be awarded on a judgment for expert witness fees taxed as court costs and, if so, from what date.
Owens contends that awarding interest on a judgment for expert witness fees taxed as court costs is contrary to this court's decision in De Lizardi v. Hardaway, 8 Rob. 20 (La.1844). According to Owens, De Lizardi stands for the proposition that awarding judicial interest on court costs is prohibited. In De Lizardi, this court reviewed a judgment awarded under a legislative act of 1831. Section 3d of the Act provided that upon dissolution of an injunction staying the execution of a money judgment, the enjoining judgment debtor and his surety were condemned to pay to the previously enjoined creditor 20% of the judgment as damages, unless the judgment creditor proved damages in an amount greater than 20% of the judgment, and 10% interest on the judgment. The trial court awarded the judgment creditor 20% of the judgment as damages and 10% interest on the entire amount of the judgment including principal, interest, and costs. This court found that the trial court erred in allowing interest on the aggregate amount of the judgment reasoning that such an award improperly awarded interest on interest. In amending the judgment, this court awarded interest on the amount of the judgment enjoined exclusive of interest and costs. Id. at 22. De Lizardi was primarily concerned with interpreting section 3d of the Act of 1831; specifically, whether an award of interest on interest was appropriate under that provision. The issue of whether interest should be awarded on court costs was not addressed by this court. Nonetheless, this court eliminated interest on court costs from the award in the decree without comment. Under the circumstances, De Lizardi is little support, if any, for concluding that interest on an award of court costs is prohibited.
A court has authority to render a "judgment for costs." La.Code Civ.P. art. 1920. Expert witness fees are taxed as costs and, once fixed, form a part of the final judgment. La.R.S. 13:3666. Clearly, under these provisions, an award of expert witness fees assessed as court costs against a judgment debtor is a money judgment in favor of the party who incurred the court costs. Bd. of Trustees v. All Taxpayers, 361 So.2d 292 (La.App. 1st Cir.1978). La.Code Civ.P. art. 1921 provides that "[t]he court shall award interest in the judgment as prayed for or as provided by law." Art. 1921 makes no distinction between the types of judgments that "shall" draw interest. Moreover, there is no authority for this court to make a distinction between a judgment for expert witness fees taxed as court costs and other money judgments upon which interest accrues. Accordingly, we hold that legal interest *647 may be awarded on a judgment for expert witness fees taxed as court costs. To the extent that De Lizardi conflicts with this holding, it is overruled.
Next, we must determine the date on which interest begins to accrue on an award of expert witness fees assessed as court costs. Owens contends that the court of appeal erred in awarding interest from the date of judicial demand. We agree. "When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due...." La.Civ.Code art. 2000 (emphasis added). Thus, our inquiry is narrowed. We must determine when the money owed Bovay, the judgment creditor, became due. The judgment in favor of Bovay reimbursed Bovay for court costs incurred through its participation in litigation. Courts have great discretion in assessing court costs. "[T]he court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." La.Code Civ.P. art. 1920. Hence, until rendition of a judgment, no sum is due to either party upon which to award interest. Once expert witness fees are fixed under La.R.S. 13:3666, a certain and liquidated sum is due the judgment creditor from the judgment debtor. Accordingly, we hold that interest accrues on an award of expert witness fees taxed as court costs from the date of judgment fixing such fees. This holding is in line with this court's prior decision of Hill v. Hill, 434 So.2d 1078 (La.1983), in which this court awarded legal interest on notary and appraiser fees assessed as court costs under La.R.S. 9:1423 from the date of final judgment when the debt became certain and liquidated.
In sum, we hold that interest on expert witness fees assessed as court costs is recoverable and that it accrues from the date the judgment was rendered fixing the amount of expert witness fees as court costs.

DECREE
For the reasons assigned, the judgment of the court of appeal is amended to award interest from November 16, 1989, the date of the judgment fixing court costs; otherwise, the judgment of the court of appeal is affirmed. Each party is assessed the costs incurred by it in the present proceedings.
LEMMON, J., concurs and will assign reasons.
DENNIS, J., concurs in part and dissents in part and assigns reasons.
ORTIQUE, J., dissents and assigns reasons.
DENNIS, Justice, concurring in part and dissenting in part.
I respectfully concur in the majority's decision of the first issue but dissent from its decree and rationale in fixing the point at which interest shall begin to accrue as of the date of judgment, rather than as of the date of Bovay's judicial demand.
My colleagues fail to convincingly demonstrate that the judgment here is not one "sounding in damages, `ex delicto'", upon which legal interest attaches from the date of judicial demand. La.R.S. 13:4203. If the third party plaintiff had prevailed in its suit based on Bovay's alleged professional negligence in the design and installation of a circulating water line, its judgment would have "sounded" in tort, entitling it to interest from the date of judicial demand. It is difficult to see why the rule should be different when the shoe is on the other foot. Moreover, where one party injures another by filing a groundless suit and the court decides that reparation is due for the costs incurred in defense of the unworthy action, the debtor should recompense the creditor for wrongfully depriving him of the loss of use of that sum in accordance with the fundamental and equitable principle of La.Civ.C. art. 2315, whether the underlying lawsuit sounds in contract or tort. See, Comment, The Running of Legal Interest in Louisiana, 6 Tul.L.Rev. 614, 615-16 (1932).
If the majority is of the opinion that Bovay's judgment should be reduced because of its failure to mitigate its damage by promptly pursuing its claim for costs, that adjustment should be made in applying La.Civ.C. art. 2002 by analogy, rather *648 than by establishing the starting point for interest at the date of judgment for all future cases.
ORTIQUE, Justice, dissenting.
I respectfully dissent from the majority opinion. I am uneasy about directing our lower courts to award judicial interest on expert witness fees taxed as court costs from the date of judgment fixing such fees. I think that decisions like the majority opinion only contribute to the escalating costs associated with litigation, especially expenses associated with appellate litigation.
In my view, the proper approach is to not allow interest on the portion of a judgment representing costs. Heretofore, expert witness fees were taxed as costs, not damages, and interest was not recoverable on costs. See DeLizardi v. Hardaway, 8 Rob. 20 (La.1844); Bourque v. Vinturella, 543 So.2d 640 (La.App. 1st Cir.1989), and State, Department of Highways v. McTeague, 244 So.2d 263 (La.App. 1st Cir.1970). The majority obscures the traditional distinction between damages and costs as recognized by our jurisprudence.
For these policy considerations, I would continue to not allow interest on that portion of the judgment representing costs. The more equitable approach would be to allow the trial court judges to award judicial interest on expert witness fees as well as other costs as they in their sole discretion deem meet.
NOTES
[*] Pursuant to Rule IV, Part 2, § 3, Kimball, J. was not on the panel which heard and decided this case. See the footnote in State v. Barras, 615 So.2d 285 (La.1993).
[1] La.Code Civ.P. art. 1672(B) provides:

In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
[2] 605 So.2d 1387 (La.App. 5th Cir.1992).
[3] 609 So.2d 213 (La.1992).