| .McMANUS, Judge.
The Appellant in this case is Plaintiff, Clay Steadman. Although the underlying litigation here involves a custody dispute, the only issue on appeal is the assessment of expert witness fees. The trial court signed a judgment setting expert witness fees at $700 (seven hundred dollars) in favor of the court-appointed expert, Mr. Eliot Levin. The court assessed one-half to be paid by each party. From this judgment, Clay Steadman has appealed. For the reasons set forth below, we find no abuse of discretion in the trial court’s assessment of expert witness fees. The judgment is hereby affirmed.
ASSIGNMENTS OF ERROR
Appellant argues that the trial court erred in assessing expert witness fees against him. Both of Appellant’s assignments of error deal with two specific ap *1098 pearances by the expert witness. These assignments of error will be considered together because the same standard of review applies to both.
First, Appellant claims that the trial court erred in assessing fees for the hearing to remove the expert witness. At this hearing, the expert did not testify or make an appearance on the record. He was present in court but not needed to testify because the issues of his alleged bias and prejudice were deferred to the custody trial. Appellant contends that neither party should be required to pay the expert any fees for this hearing.
Second, Appellant claims that the trial court erred in assessing fees for the expert’s appearance at the custody trial. At trial, the expert was not called by the | ¡Appellant to testify. Therefore, Appellant asserts that Susan McGarry should be required to pay any expert fees because it was her attorney who called the expert as a witness for cross examination.
LSA-R.S. 13:3666 allows the trial court to determine the amount of fees to be paid to an expert witness either from the testimony of the expert relative to his services rendered, or by a rule to show cause. The amount fixed for expert fees is a matter within the discretion of the trial court and should not be disturbed on appeal absent a showing of manifest abuse of that discretion. Morgan v. ABC Manufacturer, 96-59 (La.App. 5 Cir. 1/15/97), 694 So.2d 394; Cajun Electric Power Coop. v. Owens-Corning Fiberglass Corp., 580 So.2d 465 (La.App. 5 Cir.1991).
In assessing expert witness costs, the trial court stated as follows:
[Eliot Levin] did show up. He is the court’s expert, so I’m going to assess an expert fee. I’ll assess $250 for the first appearance and $450 for the second. And I will split that between the parties.
We see no abuse of discretion in the amount or the award of expert witness fees in this case. Mr. Levin performed five independent custody evaluations, and spent several hours in court at both of the above-mentioned hearings. He was appointed by the court and did perform the service for which he was appointed. Accordingly, the judgment of the trial court with regards to the assessment of expert witness fees is affirmed.
AFFIRMED.