NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**08-324**

WILSON P. DESSELLE, ET AL.

VERSUS

AMERICAN CENTURY CASUALTY CO., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ALEXANDRIA CITY COURT
PARISH OF RAPIDES, NO. 106,755
HONORABLE RICHARD ERIC STARLING, JR., CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED.**

**Jerold Edward Knoll**
**The Knoll Law Firm**
**P. O. Box 426**
**Marksville, LA 71351**
**(318) 253-6200**
**Counsel for Plaintiffs-Appellees:**
 **Wilson Desselle**
 **Susan Bordelon**
 **Elizabeth Dauzat**
 **Danielle Lawrence**

**David R. Rabalais**
**Rabalais Williams, LLC**
**P. O. Drawer 54024**
**Lafayette, LA 70505**
**(337) 289-6555**
**Counsel for Defendants-Appellants:**
 **American Century Casualty Co.**
 **Jose Aguilar**

**PICKETT, Judge.**

The defendants-appellants, Jose Aguilar and the American Century Casualty Company, appeal as excessive a judgment awarding damages to the plaintiffs.

## STATEMENT OF THE CASE

Jose Aguilar attempted to make a left turn from the right lane of Highway 167 in Alexandria. In doing so, he caused a collision with a car in the left lane driven by Wilson Desselle. Susan Bordelon, Elizabeth Dauzat, and Danielle Lawrence were passengers in Mr. Desselle's vehicle. All four sustained injuries in the collision and sued Mr. Aguilar and his insurer, American Century Casualty Company (American Casualty).

At the trial on October 22, 2007, the defendants admitted that Mr. Aguilar was liable for the damages caused in the accident. The only issue before the trial court was damages. After a brief trial, the trial court awarded special and general damages to all four plaintiffs as follows:

|  | Medicals | General Damages |
|---|---|---|
| Wilson Desselle | $ 1,615.16 | $ 12,000.00 |
| Susan Bordelon | $ 2,063.86 | $ 10,000.00 |
| Elizabeth Dauzat | $ 1,882.24 | $ 9,000.00 |
| Danielle Lawrence | $ 460.93 | $ 2,000.00 |

The trial court also assessed costs against Mr. Aguilar and American Casualty, including $1,600.00 for the deposition of Dr. Darron McCann, the treating physician for all four plaintiffs.

The trial court signed a judgment in conformity with its oral ruling on November 8, 2007. Mr. Aguilar and American Casualty appeal.

## ASSIGNMENTS OF ERROR

The appellants assert two assignments of error. First, they argue that the trial

1

court's general damage awards to each of the four plaintiffs were an abuse of discretion. Second, they argue that Dr. Darron McCann's fee of $1,600.00 for his deposition testimony is excessive.

## DISCUSSION

**General Damages**

This court recently articulated the standard applicable to appellate review of a general damage award in *Shelton v. Hair*, 06-233, p. 8 (La.App. 3 Cir. 9/27/06), 939 So.2d 685, 690 (alteration in original):

> "[T]he role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of the discretion by the trier of fact.... [T]he adequacy or inadequacy of the award should be determined by the facts or circumstances particular to the case under consideration." *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1260 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379, (1994). When there is no clear abuse of discretion, it is inappropriate for this court to refer to other awards in similar cases. *Coco v. Winston Indus., Inc.*, 341 So.2d 332 (La.1976).

Mr. Desselle first visited Dr. McCann on August 25, 2006, two weeks after the accident. He was diagnosed with a neck strain and prescribed medication. He also complained of back pain. His last visit to Dr. McCann was on December 8, 2006. Dr. McCann noted that Mr. Desselle's neck strain had resolved. At trial, Mr. Desselle testified that his back still hurt sometimes. The trial court specifically stated that his award was based on twelve months of pain and suffering and awarded $12,000.00 in general damages.

Ms. Dauzat first visited Dr. McCann on August 25, 2006, two weeks after the accident. She was diagnosed with neck and back strain and post-traumatic headaches and given a cortisone injection and prescribed medication. Dr. McCann discharged Ms. Dauzat from his care on November 8, 2006, noting that her symptoms were

2

better. At trial, Ms. Dauzat testified that she still has headaches about once a week and has some back pain. The trial court found that she had a two- to three-month injury and awarded $9,000.00 in general damages.

Ms. Bordelon first visited Dr. McCann on August 25, 2006, two weeks after the accident. She was diagnosed with neck, shoulder, and back strain. She was treated with a cortisone injection, prescription medication, and physical therapy. Dr. McCann noted that he had treated Ms. Bordelon for a previous injury to her back. Dr. McCann discharged Ms. Bordelon on December 8, 2006, noting that her neck and shoulder injuries had resolved, and her back had returned to its condition before this accident. At trial, Ms. Bordelon testified that she still suffers from some pain. The trial court found that she suffered a three-month injury with some residual pain and awarded Ms. Bordelon general damages of $10,000.00. The court specifically noted that he was decreasing the award to Ms. Bordelon because of the aggravation of a pre-existing condition.

Ms. Lawrence visited Dr. McCann for the only time on August 25, 2006. Because she is mildly retarded and nonverbal, she was unable to explain her symptoms. She did have an abrasion on her neck, which was caused when a plant in the car at the time of the collision hit her neck and eye. Her mother, Ms. Bordelon, explained that she complained of back pain for about three weeks. The scratches healed within a couple of weeks. Dr. McCann noted no other injuries. The trial court awarded general damages of $2,000.00 to Ms. Lawrence.

We find no abuse of the vast discretion of the trial court in any of the general damage awards in this case. The appellants' assignment of error lacks merit.

**Court Costs**

The appellants argue that the $1,600.00 assessed as court costs for the deposition testimony of Dr. McCann is excessive. To support their argument, the appellants claim Dr. McCann only testified for forty-five minutes in his office. Dr. McCann submitted a bill for $1,600.00. Though the length of the deposition was short, Dr. McCann was asked about four different patients. The appellants have pointed to nothing in the record or the law which convinces us the award of these costs is an abuse of the great discretion of the trial court in assessing court costs. *See Cajun Elec. Power Co-op., Inc. v. Owens-Corning Fiberglass Corp.*, 616 So.2d 645 (La.1993). The appellants' second assignment of error lacks merit.

**Conclusion**

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellants, Jose Aguilar and American Century Casualty Company.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.

4