## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## JAC09-1333

**STATE IN THE INTEREST OF**
**J.Y.M.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 20988
HONORABLE LILYNN CUTRER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## J. DAVID PAINTER
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and J. David Painter, Judges.

## AFFIRMED IN PART AND REVERSED IN PART.

**Catherine L. Stagg, Attorney at Law**
**426 Kirby Street, Suite A**
**Lake Charles, LA 70601**
**Counsel for Appellant:**
     **P.J.M. (Father)**

**Alberto DePuy, Attorney at Law**
**Calcasieu Parish District Attorney's Office**
**1020 Ryan Street**
**Lake Charles, LA 70601**
**Counsel for Appellee:**
     **State of Louisiana**

**Stephen Berniard, Attorney at Law**
**1011 Lakeshore Drive, Suite 500**
**Lake Charles, LA 70601**
**Counsel for Appellee:**
     **Office of Community Services**

**James Gaharan, Attorney at Law**
**700 E. College Street**
**Lake Charles, LA 70605**
**Counsel for Appellee:**
     **Y.L.S. (Mother)**

**PAINTER, Judge.**

P.J.M. appeals the trial court's judgment ordering him to pay a total of $1,210.00 in expert witness fees to a subpoenaed witness who did not testify in court. We affirm in part and reverse in part.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal concerns an incidental order issued during the course of a child-in-need-of-care case. In the course of those proceedings, P.J.M. subpoenaed Mr. Arless Rich Lewis, L.P.C., a counselor who had been hired by the OCS to interview the minor child and prepare a report containing a summary of the interviews. Although no subpoena or return thereof appears in the record, P.J.M. admits in brief that he did subpoena the witness to assure that he would have the opportunity to challenge his expertise and to question and challenge his report. We also note that neither Lewis' testimony nor his report appear in the record of the proceedings now before us. The invoice from Lewis, which court minutes indicate was filed into the record, references court appearances on May 14, and June 18, 2008. We find no minutes or court transcripts corresponding to these dates. However, there appears to be no dispute that Lewis did appear in court on November 12, 2008; however, he did not testify at that hearing and merely requested that someone be ordered to pay his witness fee. Court minutes from that date indicate that his report dated November 4, 2008, was filed into the record. The court ordered P.J.M. to pay the $910.00 fee as presented on the invoice within sixty days and set a hearing for January 21, 2009, for P.J.M. to appear and advise the court of the status of the payment to Lewis. P.J.M. did not appear on January 21, and a bench warrant was issued. P.J.M. was in fact arrested under the bench warrant and served thirty days in the parish jail. A contempt hearing was held on May 27, 2009, and at that time, P.J.M. paid Lewis $890.00 (the $910.00 owed minus $20.00 he had previously paid) plus an additional amount of $300.00 as ordered by the court for Lewis' appearance in court for the contempt hearing. P.J.M. now appeals the award of $1,210.00 as an expert witness fee. We note that the issues

1

concerning the issuance of the bench warrant are not presented for review in this appeal.

## DISCUSSION

With respect to expert witnesses, La.R.S. 13:3666 provides, in pertinent part:

> A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.

> B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:

> (1) From the testimony of the expert relative to his time rendered and the cost of his services adduced upon the trial of the cause, outside the presence of the jury, the court shall determine the amount thereof and include same.

> (2) By rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.

We are mindful that a trial court has great discretion in setting expert witness fees, and in setting such fees, a trial court should consider the time spent testifying at trial, time spent in preparation for trial, time spent away from regular duties while waiting to testify, the extent and nature of the work performed, and the knowledge, attainments, skill of the experts, helpfulness of the expert's report and testimony to the trial court, the amount in controversy, the complexity of the problem addressed by the expert, and awards to experts in similar cases. *Albin v. Illinois Cent. Gulf R. Co.*, 607 So.2d 844, 845 (La.App. 1 Cir.1992). The trial court's setting of an expert witness fee can be reversed only upon a showing of abuse of discretion. *Cajun Elec. Power Coop. v. Owens-Corning Fiberglass Corp.*, 616 So.2d 645, 646 (La.1993).

In this case, Lewis was under subpoena and was required to appear in court as ordered therein. Because his office was in DeRidder and the subpoena required him to be present in Lake Charles, he could not simply be on stand-by. The record supports the award of $910.00 in expert fees. He had seven hours invoiced for travel

2

time and in-court time for June 18, 2008 pursuant to the subpoena issued on behalf of P.J.M. The invoice does not include time spent preparing his report or preparing to testify since Lewis was hired by the State. Although the May 14 hearing was continued, counsel for P.J.M. did not so advise Lewis, and he, in fact, traveled to Lake Charles on that date. We find no abuse of the trial court's discretion in this regard.

However, with respect to the trial court's judgment awarding Lewis an additional $300.00 for his appearance in court at the contempt hearing, we find an abuse of discretion. Lewis was not under subpoena for the contempt hearing. Lewis' testimony was not required on that date. His report and invoice had already been filed into the record. He had already given testimony regarding the amount of his fee. Therefore, we reverse the trial court's award of the additional $300.00.

## DECREE

For all of the foregoing reasons, we find no error in the trial court's judgment assessing an expert witness fee to Lewis in the amount of $910.00, and we affirm that portion of the judgment. However, the judgment of the trial court assessing an additional $300.00 is reversed.

**AFFIRMED IN PART AND REVERSED IN PART.**